**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**

AUG **0 6** 2021

**TAMMY H. DOWNS, CLERK**
By:_____
**PLAINTIFF**  DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TIFFANY MALONE**  **PLAINTIFF**

V.  CASE NO. 4:21-CV-_00 708 - LPR_

**ARKANSAS SCHOOL BOARDS ASSOCIATION**  **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Tiffany Malone, by and through her attorneys Chris Burks of WH LAW, for her Complaint against Arkansas School Boards Association, they do hereby state and allege as follows:

## I. PRELIMINARY STATEMENTS

1.  This is an action brought by Plaintiff Tiffany Malone pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), and the Americans with Disabilities Act of 1990, and declaratory judgment, compensatory damages, and costs, including a reasonable attorney's fee, as a result of her termination on the basis of discrimination due to her pregnancy status and thus sex, and Defendant's failure to accommodate and failure to engage in an interactive process in violation of the Americans with Disabilities Act of 1990, as amended (hereinafter "ADA").

2.  Plaintiff also brings this action under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, et seq. ("Arkansas Civil Rights Act" or "ACRA") for discrimination on the basis of disability and sex.

This case assigned to District Judge _RUDOFSKY_
and to Magistrate Judge_____HARRIS_____

3.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the ADA.

4.     This Complaint also alleges violations of the Arkansas Civil Rights Act which form part of the same case or controversy and arise out of a common nucleus of operative facts as the ADA claims alleged in this Complaint.

5.     Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA claims pursuant to 28 U.S.C. § 1367(a).

6.     The acts complained of herein were committed, and had their principal effect, within the Eastern District of Arkansas, Central Division, and therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## II.     THE PARTIES

7.     Plaintiff Tiffany Malone is a citizen of the United States and a resident of and domiciled in the State of Arkansas. At all times relevant to the allegations in the Complaint, Plaintiff was employed by the Defendant as a worker's compensation coordinator.

8.     Defendant is a non-profit membership organization providing specialized services to school boards throughout Arkansas. It can be served via its registered agent for service, Tony Prothro, at 523 South Ringo Street, Little Rock, AR, 72201.

9.     At all times relevant to this action, the Defendant was Plaintiff's employer was defined by Title VII, the ADA and the Arkansas Civil Rights Act of 1993, A.C.A. § 16-123-101, *et seq.*

10.    At all times relevant to this action, the Defendant was an employer subject to the anti-discrimination provisions of Title VII, the ADA and ACRA.

### III. FACTUAL ALLEGATIONS

11.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.    For eleven years, Plaintiff worked for the Defendant as a worker's compensation coordinator.

13.    Plaintiff was terminated by the Defendant on February 23, 2021, for alleged excessive absenteeism dating back to 2018, with the Defendant alleging that the Plaintiff missed 64 days of work between July 1, 2018 and June 3, 2019; 29 days of work between July 1, 2019 and June 30, 2020; and 51 days of work between July 1, 2020 and February 23, 2021.

14.    After working for the Defendant for many years, Plaintiff became pregnant in 2018.

15.    During her pregnancy, Plaintiff used her allotted vacation and sick days for doctor appointments and medical care related to her pregnancy. Her use of leave time for these absences was approved by the Defendant.

16.    After giving birth, Plaintiff used her remaining accrued vacation and sick days to take paid leave from October 25, 2018 to November 16, 2018.

17.    The Defendant then approved Plaintiff for an additional unpaid leave period, and Plaintiff remained out of the office on unpaid maternity leave until December 21, 2018.

18.    During the Plaintiff's pregnancy, she was harassed by the Defendant's agents regarding her pregnancy, including verbal harassment regarding her requests for leave and threats that her maternity leave would not be approved.

19.     Specifically, the Plaintiff was told by her supervisor to stop talking to her co-workers about her maternity leave, because she hadn't "made a decision" regarding the Plaintiff's leave, implying that the Plaintiff's right to take leave from work to give birth to her child was in jeopardy. Defendant did not take these same actions towards male employees.

20.     During the Plaintiff's employment, the Defendant altered their policy regarding maternity leave to require female employees to exhaust their banked vacation and sick days before applying for and receiving unpaid leave, forcing the Plaintiff to return from her maternity leave with no vacation or sick days remaining.

21.     Defendant regularly disparaged Plaintiff and other employees who used leave due to illnesses or disabilities by stating that they should have banked additional leave time, disregarding the fact that they had medical conditions that required them to use their sick days and vacation time at a higher rate than employees who did not have these conditions.

22.     During the period she was out on maternity leave, the Plaintiff received an email from her supervisor approving her for unpaid maternity leave to December 21, 2018, but threatening her with termination if she took any additional unpaid leave after her return.

23.     The Plaintiff was not on vacation or taking unpaid time off because she wanted to do so. She was out of the office on approved unpaid leave because she had a difficult pregnancy that resulted in a premature infant, and she suffered related health issues as a result.

24.     Again, the Defendant's policy forced the Plaintiff to use all sick and vacation days before applying for unpaid leave, meaning she had no additional paid days off to use when she returned from her maternity leave. She was faced with the threat of termination if she had to take

unpaid time for illness, bereavement, or to care for her minor children during their illnesses, and indeed she was eventually terminated for absences related to these reasons.

25.     During her pregnancy in 2018, the Plaintiff experienced severe anxiety and depression, and sought and received medical treatment for these conditions. She told Defendant of this condition that substantially limited her major life activities, and Defendant regarded her as being so limited and thus disabled.

26.     As a result of the continued harassment regarding her leave during her pregnancy and to accommodate her diagnosed health conditions, Plaintiff requested a reasonable accommodation of working from home so she could avoid absences in the future.

27.     The Defendant denied the Plaintiff this reasonable accommodation while approving it for other employees in her department, who were allowed to work from home or work altered schedules in order to complete their assigned job duties.

28.     Plaintiff repeatedly requested she be allowed the same reasonable accommodation as her coworkers, however Defendant refused to engage in an interactive process with the Plaintiff as required under the ADA.

29.     Denying the Plaintiff a reasonable accommodation of working from home was not reasonable, as Plaintiff could still perform the majority of her job duties with this accommodation.

30.     Plaintiff should not have been required to physically come into the office every day when she was able to work from home and while she was suffering from diagnosed mental disabilities, which continued to impact her life activities at the time of her departure, even after the delivery of her child.

31.     Defendant's failure of accommodation and to engage with Plaintiff and her discharge disparately treated Plaintiff on the basis of her disability.

## IV.      FIRST CAUSE OF ACTION
### (Violations of ACRA Anti-Discrimination Provisions)

32.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

33.     Plaintiff brings this action against Defendants under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.* (" Arkansas Civil Rights Act" or "ACRA").

34.     The Defendant intentionally discriminated against Plaintiff on the basis of her sex and disability in violation of A.C.A. § 16-123-107.

35.     Claims brought under the ARCA are governed by the same standards as Title VII claims. *Cleggv. Ark. Dep't. of Co".,* 496 F.3d 922,926 (8th Cir. 2007).

36.     As more fully described hereinabove, Defendant, through their agents and employees, including Plaintiff's supervisor(s), discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment due to Plaintiff's physical disability and sex.

37.     As a result of Defendants, violations of the ACRA, Plaintiff seeks injunctive relief, front pay, back pay, attorney's fees and costs, compensatory damages for any past or future out-of-pocket losses and any emotional harm, and punitive damages.

## V. SECOND CAUSE OF ACTION
### (Violations of the ADA Anti-Discrimination Provisions)

38.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

39.     Plaintiff filed a charge with the Equal Employment Opportunities Commission alleging violations of the ADA by Defendant.

40.     Plaintiff received a Notice of Rights Letter. All conditions precedent to the institution of this lawsuit have been fulfilled.

41.     Defendant engaged in unlawful employment practices at their company in Little Rock, Arkansas, in violation of the ADA, 42 U.S.C. § 12112.

42.     Specifically, Defendant discharged Plaintiff from her employment with Defendant because of her disability and because they failed to accommodate her and engage in the interactive process with her.

43.     At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of the ADA, and could perform the essential functions of the position from which she was removed, had Plaintiff been provided work from home accommodations as medically necessitated.

44.     Despite her ability to perform the essential function of her job with reasonable accommodations, Plaintiff was terminated.

45.     Plaintiff suffered from pregnancy complications and subsequently from anxiety and depression, which are qualified disabilities as defined by the Americans with Disabilities Act of 1990 (the "ADA") and was substantially limited in performing one or more major life activities.

46.     At all times herein, Defendant failed to offer or provide any reasonable accommodation to the Plaintiff, including, but not limited to, the ability to work from home that many of her coworkers received, as is allowable under ADA §42 USCA § 12111, which states that a reasonable accommodation includes, "job restructuring, part-time or modified work schedules,… and other similar accommodations for individuals with disabilities." Id.

47.     The effects of the practices complaint of above, has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

48.     The unlawful employment practices complained of above were and are intentional.

49.     The unlawful employment practices complaint of above were done with reckless indifference to the federally protected rights of Plaintiff.

50.     Pursuant to the Americans with Disabilities Act of 1990, Plaintiff is entitled to, and she seeks, an additional amount as liquidated damages equal to the sum of her hlost wages or salary, benefits and/or other compensation denied or lost to her by reason of Defendant's violations of the ADA, plus any interest she is entitled to for these causes, because Defendant's violations were not in good faith and Defendant had no reasonable grounds for believing that its actions were not in violation of the ADA.

## V. SECOND CAUSE OF ACTION
### (Violations of the Title VII)

51.     Plaintiff repeats and re-alleges all previous paragraphs of her Complaint as though fully incorporated in this section.

52.     Plaintiff brings this action against Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. ("Title VII").

53.     At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of Title VII, 24 U.S.C. § 2000e(f).

54.     At all relevant times, Defendants were the "employer" of Plaintiff within the meaning of Title VII, 24 U.S.C. § 2000e(b).

55.     At all relevant times, Defendant have been, and continue to be, engaged in an

"industry affecting commerce" within the meaning of Title VII, 24 U.S.C. § 2000e(h).

56.     At all relevant times, Defendants have engaged in unlawful employment practices against Plaintiff within the meaning of Title VII, 24 U.S.C. § 2000e-2(a).

57.     Defendant, through their agents and employees, discriminated against Plaintiff with respect to the terms, conditions and privileges of employment due to Plaintiff's sex.

58.     Defendants' treatment of Plaintiff, which was motivated by Plaintiff's pregnancy and thus sex, denied Plaintiff leave and fired her for leave she took due to her pregnancy.

59.     The unlawful treatment caused Plaintiff financial loss and harm.

60.     As a result of Defendants' unlawful discrimination, Plaintiff seeks front pay, back pay, attorney's fees and costs, compensatory damages for any past or future out-of-pocket losses and for any emotional harm, and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tiffany Malone respectfully prays as follows:

A.     That Defendant be summoned to appear and answer this Complaint;

B.     For an order of this Honorable Court entering judgment in her favor against Defendant, for her actual economic damages in an amount to be determined at trial, and compensation for wages lost;

C.     For punitive damages;

D.     For her attorney's fees, costs, and pre-judgment interest; And

E.     For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**Tiffany Malone, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By:      *Chris Burks*
Chris Burks (ABN: 2010207)
chris@wh.law